UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

In re

Patricia W. Schuler                             Case No. 18:23577 bk-7

Debtor                                          Adversary No. __:__-ap--__-

_____/

Patricia W. Schuler                             Demand for Jury Trial

Plaintiff(s),

vs.

Nationstar Mortgage Inc, LLC,                   **FILED**
Joseph M Herbas attorney at law,                UNITED STATES BANKRUPTCY COURT
Randall S Berg, attorney at law, and            NORTHERN DISTRICT OF ILLINOIS
Does 1-10                                       JUN 27 2019

Defendant(s).                                   JEFFREY P. ALLSTEADT, CLERK

_____/

**COMPLAINT**
**And**
**Request for Emergency Injunction**

**<u>Debtor requests that the Court Grant an immediate Injunction against Nationstar Mortgage Inc, LLC, as well as its attorneys Joseph M Herbas and Randall S Berg, attorneys at law, from filing a Motion for Relief from Automatic Stay until such time as Nationstar Mortgage Inc, LLC files a Proof of Claim</u>**

Plaintiff, Patricia W. Schuler In Pro Se, files this Complaint pursuant to the various Violations of Federal law as listed in the 7 different and distinct list of Causes of Action contained herein, namely UCC 3-103(2002) Holder, Person Entitled to Enforce, Involuntary Payments 11 USC 506(a)(1) Determination of Secured Status UCC 3 Part 3(2002) Unauthorized Transfer of Securities, signature guarantees, (STAMP) Securities Transfer Agents Medallion Program contactkfs@kemark.com UCC 309 section 3-203 Forged documents, illegal assignments, falsification of documents, false filings Title 18 USC Chapter 73 Obstruction of Justice Title 18 USC section 1343 Wire Fraud and Title 11 USC section 525 Anti-Discrimination in Pursuit of Sound Bankruptcy Policy and wherefore Plaintiff Prays that Relief in the amount of $3,000,000.00 in Damages for said Violations and alleges the following in support of the requested relief:

## JURISDICTION

1. This is an adversary proceeding in which the Plaintiff(s) is/are seeking a complete Discharge of all debt as per the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157

4. Plaintiff has standing as the Chapter 7 debtor, to bring this action pursuant to the provisions concerning debtors as contained in the Federal Rules of Bankruptcy.

5. Venue is proper pursuant to 28 U.S.C. § 1409(a) and Local Rule 1071-1 of the United States Bankruptcy Court for the Northern District of Illinois.

## BACKGROUND FACTS

6. Plaintiff defended a previous case regarding the very same issues (currently the cause of the reason for Debtor's forced filing of this Bankruptcy) that was filed in the Illinois State Superior Court 10-CH 03129 on March of 2016 entitled Bank of America vs David F. Schuler et al; in which Patricia W. Schuler was listed as a Defendant in that State Court proceeding.

7. Defendants prevailed in that case and the case was Dismissed without Prejudice only as to Bank of America as there were no other Plaintiffs.

8. Bank of America has since failed to bring any further proceedings nor Complaints and that issue is Res Judicata as to Bank of America. Collateral Estoppel also applies regarding certain issues contained in the State Court proceeding as to Bank of America and it's Assigns or Successors in Interest.

9. The Court order signed by Judge Moran, the Presiding Judge during the entire course of those proceedings, dismissed the Plaintiff's Bank of America claim stating: "The loan has been in full". Judge Moran dismissed the case "Without Prejudice on March 23, 2016.

10. Nationstar Mortgage Inc, LLC made no appearances and was not contemplated in those proceedings. Nationstar Mortgage Inc, LLC was never a Creditor then and nor is Nationstar a Creditor up to the present date.

11. Nationstar Mortgage Inc, LLC is not a party, nor a creditor, to any contract regarding this debtor, nor has any interest in debtor's property as falsely represented to this Bankruptcy Court, thus Nationstar Mortgage Inc, LLC has no Standing to intervene either here in the Bankruptcy Proceedings nor in any State Court proceedings. (debtor suggests that this is the exact reason that Nationstar Mortgage Inc, LLC refuses to file a Proof of Claim 410, 410A, 410S1 and 410S2, all under Penalty of Perjury and other criminal sanctions that are imposed for filing false "Proof of Claim Forms" and other false statements.

12. Nationstar Mortgage Inc, LLC has never filed a Proof of Claim in this instant Bankruptcy Chapter 7 proceeding as required by the Federal Rules of Bankruptcy Procedure by its attorneys Joseph M Herbas and Randall S Berg, attorneys at law.

13. Nationstar Mortgage Inc, LLC has filed, in these proceedings, numerous false claims in violation of Federal Law UCC 309 section 3-203 Forged documents, illegal assignments, including falsification of documents and false filings in the instant Bankruptcy Chapter 7 proceedings, all in violation of the rights of Debtor Patricia W. Schuler, which will be proven at the time of trial.

14. Without ever having filed the required Creditor Proof of Claims forms 410, 410A, 410S1 and 410S2, Nationstar Mortgage Inc, LLC is somehow asking the Bankruptcy court for Relief from Automatic Stay in violation of the Federal Rules of Bankruptcy Procedure requiring that a creditor file those documents listed above.

15. Plaintiff can and will show at the time of trials that Nationstar Mortgage Inc, LLC, through and by its attorneys, , Joseph M Herbas and Randall S Berg, attorneys at law and the law firm of Shapiro, Kreisman, & Associates, did knowingly and wittingly violate the rights of Plaintiff Patricia W. Schuler as follows:

16. Violations perpetrated against Plaintiff by Nationstar Mortgage Inc, LLC by and through and by its attorneys Shapiro, Kreisman & Associates, Joseph M Herbas and Randall S Berg, attorneys at law.

## Causes of Action
## Counts 1 through 7

1. UCC 3-103(2002) Holder, Person Entitled to Enforce, Involuntary Payments

2. 11 USC 506(a)(1) Determination of Secured Status

3.     UCC 3 Part 3(2002) Unauthorized Transfer of Securities, signature guarantees, (STAMP) Securities Transfer Agents Medallion Program contactkfs@kemark.com

4.     UCC 309 section 3-203 Forged documents, illegal assignments, falsification of documents, false filings

5.     Title 18 USC Chapter 73 Obstruction of Justice

6.     Title 18 USC section 1343 Wire Fraud

7.     Title 11 USC section 525 Anti-Discrimination in Pursuit of Sound Bankruptcy Policy.

7. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 16.

**Count One**
**Misprision of a Felony.**

By reason of the conduct described above, Movant, by and through its attorneys, Joseph M Herbas and Randall S Berg, attorneys at law and by reason of the conduct described above, Movant has engaged in the following misconduct by committing a criminal act that reflects adversely on the honesty, trustworthiness or fitness as a lawyer in other respects, in violation of Rule 8.4(b) of the Illinois Rules of Professional Conduct (2010), by committing the criminal offense of Misprision of Felony, in violation of 18 U.S.C. sec. 4; and

conduct involving dishonesty, fraud, deceit or misrepresentation, by conduct including, but not limited to, the importation and distribution of misbranded, non-FDA compliant drugs, in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct (2010)filed for the Relief from Automatic Stay without having a Proof of Claim, has engaged in the following misconduct committing a criminal act that reflects adversely on their honesty, trustworthiness or fitness as a lawyer in other respects, in violation of Rule 8.4(b) of the Illinois Rules of Professional Conduct (2010), by committing the criminal offense of Misprision of Felony, in violation of 18 U.S.C. sec. 4; and conduct involving dishonesty, fraud, deceit or misrepresentation, by conduct including, but not limited to, the filing of false and forged documents , in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct (2010)

## Count Two
Fraud and Obstruction of Justice – No Notice of Proceedings served upon Debtor as of 6/25/019

Nationstar Mortgage Inc, LLC , by and through its attorneys, Joseph M Herbas and Randall S Berg, attorneys at law, intentionally failed to notify Debtor of the hearing date on the Motion for Relief from Automatic Stay amounting to Fraud and Obstruction, thus denying debtor an opportunity to attend said hearing.

**Fraud Law and Legal Definition. Fraud is generally defined in the law as an intentional misrepresentation of material existing fact** made by one person to another with knowledge of its falsity and for the purpose of inducing the other person to act, and upon which the other person relies with resulting injury or damage.

See: letter from Debtor dated today.

"Mr. Herbas,

I am disturbed with how I haven't been notified of the Federal hearing you had mentioned after our state court hearing on 7June 19 you directly mentioned to me & my witness that you wouldn't be able to make it on the 21st. I was not notified of the 21st is why I called you and left you a message to request that you send me this info. I haven't received a copy of these notices's for the 21st or the

change to the 28th. I called the Chicago Federal Bankruptcy court on the 25th of June to speak to a representative. I confirmed for myself what seems to be happening without my knowledge of these proceedings. I requested that the court clerk, this as well as documenting in the court file that a motion to continuance would be filed on June 26th. A hard copy was mailed to your Chicago office via mail first class. express mail to Federal Bankruptcy Courts office as well as a sending this change to your e-mail Jherbas@loggs.com with

I filed this motion for continuance as I am not able to make the June 28th court date. I won't be there for I have medical appointment on June 28th. For the record I would like to participant in this case court completely so I am requesting from you, **proper written notice** if there are any actions taking place in regards to me. Use the United States Postal Service for any Service of Process for Notifications and Court proceedings as required by the Federal Rules of Bankruptcy Procedure.  Signed, Patricia W. Schuler date 6/25/2019"

## Count Three
## Falsifying Documents

Falsifying documents is a criminal offense that involves the altering, changing, modifying, passing or possessing of a document for an unlawful purpose. It is considered a white collar crime or be included as part of other collateral crimes. States charge the crime of falsifying documents as a felony.

Altering or misrepresenting factual information such as the Assignment of Mortgage or other documents placed on any court record, authorization;
Concealing Evidence in a bankruptcy or proceeding;
Destroying information material to an investigation.

Intent is an element of forgery. Variations may be possible depending on jurisdiction, but forgery involves the creation or altering of a document with the intent to defraud. This may involve crimes as complex as representing a fake Proof of Claim by a person with the intent to deceive the Court, and presenting it a genuine or signing a security instrument or check using someone else's signature in order to commit identity theft. Other documents that can be forged

include corporate assignments, trustee assignments, deeds, promissory notes, wills, court records, county land records, and contracts.

All of which shall be proven at the time of trial.

WHEREFORE,

The Plaintiff, Patricia W. Schuler, respectfully request(s) that the Court Grant an immediate Injunction against Nationstar Mortgage Inc, LLC, as well as its attorneys Joseph M Herbas and Randall S Berg, attorneys at law, from filing a Motion for Relief from Automatic Stay until such time as Nationstar Mortgage Inc, LLC files a Proof of Claim as required under the Federal Rules, that the matters are first heard in the presence of a Bankruptcy Judge, and for such other and further relief the Court deems appropriate.
DATED: June 26th, 2019. RESPECTFULLY SUBMITTED,

And $3,000,000.00 in Compensatory damages.

Jury trial demanded.

_Patricia W. Schuler_ June 27 19
Patricia W. Schuler, In Pro Se     date
/s/ SIGNATURE

# 18 U.S. Code CHAPTER 73—OBSTRUCTION OF JUSTICE

U.S. Code    Notes

- § 1501. Assault on process server
- § 1502. Resistance to extradition agent
- § 1503. Influencing or injuring officer or juror generally
- § 1504. Influencing juror by writing
- § 1505. Obstruction of proceedings before departments, agencies, and committees
- § 1506. Theft or alteration of record or process; false bail
- § 1507. Picketing or parading
- § 1508. Recording, listening to, or observing proceedings of grand or petit juries while deliberating or voting
- § 1509. Obstruction of court orders
- § 1510. Obstruction of criminal investigations
- § 1511. Obstruction of State or local law enforcement
- § 1512. Tampering with a witness, victim, or an informant
- § 1513. Retaliating against a witness, victim, or an informant
- § 1514. Civil action to restrain harassment of a victim or witness
- § 1514A. Civil action to protect against retaliation in fraud cases
- § 1515. Definitions for certain provisions; general provision
- § 1516. Obstruction of Federal audit
- § 1517. Obstructing examination of financial institution
- § 1518. Obstruction of criminal investigations of health care offenses
- § 1519. Destruction, alteration, or falsification of records in Federal investigations and bankruptcy
- § 1520. Destruction of corporate audit records
- § 1521. Retaliating against a Federal judge or Federal law enforcement officer by false claim or slander of title

# 18 U.S. Code § 1343. Fraud by wire, radio, or television

U.S. Code   Notes

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

(Added July 16, 1952, ch. 879, § 18(a), 66 Stat. 722; amended July 11, 1956, ch. 561, 70 Stat. 523; Pub. L. 101–73, title IX, § 961(j), Aug. 9, 1989, 103 Stat. 500; Pub. L. 101–647, title XXV, § 2504(i), Nov. 29, 1990, 104 Stat. 4861; Pub. L. 103–322, title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 107–204, title IX, § 903(b), July 30, 2002, 116 Stat. 805; Pub. L. 110–179, § 3, Jan. 7, 2008, 121 Stat. 2557.)

## Causes of Action

1. UCC 3-103(2002) Holder, Person Entitled to Enforce, Involuntary Payments

2. 11 USC 506(a)(1) Determination of Secured Status

3. UCC 3 Part 3(2002) Unauthorized Transfer of Securities, signature guarantees, (STAMP) Securities Transfer Agents Medallion Program
contactkfs@kemark.com

4. UCC 309 section 3-203 Forged documents, illegal assignments, falsefication of documents, false filings

5. Title 18 USC Chapter 73 Obstruction of Justice

6. Title 18 USC section 1343 Wire Fraud

7. Title 11 USC section 525 Anti-Discrimination in Pursuit of Sound Bankruptcy Policy.

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NO.**

**PLAINTIFF(S)**
Patricia W. Schuler
830 Cleveland Ave
Batavia, IL 60510

**DEFENDANT(S)**
Nationstar Mortgage, LLC c/o
Shapiro, Kreisman & Associates
200 LaSalle Street, Suite 2840, Chicago, IL 60601

**ATTORNEY(S)** (Firm Name, Address, Telephone No.)
Pro Se
830 Cleveland Ave
Batavia, IL 60510

(630) 470 3069

**ATTORNEY(S)** (If Known)
Joseph M. Herbas
Shapiro, Kreisman & Associates, LLC
200 LaSalle Street, Suite 2840
Chicago, IL 60601

**PARTY** (Check One Box Only)
[✓] Debtor  [ ] U.S. Trustee
[ ] Creditor  [ ] Trustee  [ ] Other

**PARTY** (Check One Box Only)
[ ] Debtor  [ ] U.S. Trustee
[✓] Creditor  [ ] Trustee  [ ] Other

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)
UCC 3-103(2002) Holder, Person Entitled to Enforce, Involuntary Payments 11 USC 506(a)(1) Determination of Secured Status UCC 3 Part 3(2002) Unauthorized Transfer of Securities, signature guarantees, (STAMP) Securities Transfer Agents Medallion Programm contactkfs@kemark.com UCC 309 section 3-203 Forged documents, illegal assignments, falsefication of documents, false filings Title 18 USC Chapter 73 Obstruction of Justice Title 18 USC section 1343 Wire Fraud and Title 11 USC section 525 Anti-Discrimination in Pursuit of Sound Bankruptcy Policy.

## NATURE OF SUIT

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)
*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy.*
*A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11 – Recovery of money/property - § 542 turnover of property
[ ] 12 – Recovery of money/property - § 547 preference
[✓] 13 – Recovery of money/property - § 548 fraudulent transfer
[ ] 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[✓] 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[ ] 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
[ ] 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 – Dischargeability - § 523(a)(5), domestic support
[ ] 68 – Dischargeability - § 523(a)(6), willful and malicious injury
[ ] 63 – Dischargeability - § 523(a)(8), student loan
[ ] 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
[ ] 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
[✓] 71 – Injunctive relief – imposition of stay
[ ] 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81 – Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[ ] 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[ ] 01 – Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
[ ] 02 – Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
JEFFREY P. ALLSTEADT, CLERK
JUN 27 2019
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

[ ] Check if this case involves a substantive issue of state law
[ ] Check if a jury trial is demanded in complaint
[ ] Check if this is asserted to be a class action under FRCP 23

**Demand:** $3,000,000.00

**Other Relief Sought:**
Removal of all forged and false documents from the State Court records and the county recorder's land records office.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Patricia W. Schuler | BANKRUPTCY CASE NO.<br>18-23577 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Kane County | NAME OF JUDGE<br>Janet S Baer |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| *Patricia W Schuler* | Patricia W. Schuler |
| DATE<br>June 27/19 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.